DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-plaintiff Twannda Veal appeals from a jury verdict awarding her zero damages in a personal injury action against appellee-defendant Wilma Troxel. This Court affirms.
 I.
On or about March 11, 1996, Veal was driving her automobile and was stopped at a traffic light. An automobile being driven by Troxel was stopped behind Veal. When the light turned green, Troxel took her foot off the brake pedal. However, Veal had not yet pulled forward. As a result, Troxel's automobile rolled into Veal's automobile causing a slight impact. Veal felt the impact of Troxel's automobile and exited her vehicle to examine it for damage. Because there was no serious damage to the automobiles, the parties simply exchanged names and addresses and proceeded on their way.
Veal claims that she began to feel neck pain several days after the accident. Veal also claims that she began to feel lower back pain radiating down into her legs several weeks later. Veal consulted her family doctor upon feeling the pain in her lower back. Veal's doctor characterized her injuries as cervical and lumbar strain resulting from the impact of Troxel's car.
Veal eventually filed a complaint against Troxel claiming that her injuries were proximately caused by Troxel's negligence. The case proceeded to trial and a jury found in favor of Veal, but awarded her zero damages. Veal moved for a new trial and the trial court denied the motion. Veal timely appealed.
 II.
As a matter of convenience, Veal's second assignment of error will be addressed first. It states:
 [THE] TRIAL COURT ERRED IN PERMITTING PLAINTIFF'S MEDICAL EXPERT, DR. KOENIG, TO TESTIFY ON CROSS-EXAMINATION AND OVER OBJECTION, THAT PHOTOGRAPHS SHOWING LACK OF SUBSTANTIAL DAMAGE TO BUMPER OF BOTH CARS COULD "POSSIBLY" CHANGE HER OPINION RELATIVE TO PROXIMATE CAUSE OF INJURIES SUSTAINED BY PLAINTIFF AND THEREAFTER PERMITTING DEFENDANT'S COUNSEL TO ARGUE SAME TO THE JURY.
Veal called Dr. Koenig as a medical expert to testify that Veal's cervical and lumbar spine injuries were proximately caused by the impact of Troxel's automobile.[1] On cross-examination, Troxel asked Dr. Koenig to examine some photographs of the bumpers of the parties' automobiles that revealed that there was no visible damage, beyond a small scratch in the paint. Troxel then asked Dr. Koenig if these pictures would change her opinion about the cause of Veal's injuries:
 Q. Do these photographs change your opinion about what injuries were caused by the accident?
[Dr. Koenig] Possibly.
Q. And why is that?
 [Dr. Koenig] To have an injury — to have a whiplash type injury or soft tissue muscles there has to be some movement of the neck of either a quick or a significant nature, and I don't see anything on those bumpers.
Veal objected to this testimony, arguing that it should not have been admitted into evidence because Dr. Koenig merely spoke in terms of possibility, instead of probability. The trial court overruled the objection.
Although it is generally true that an expert medical opinion concerning the issue of causation is only admissible if it is expressed in terms of probabilities, Stinson v. England (1994),69 Ohio St.3d 451, 455, that rule does not apply to the testimony that is being challenged herein. In Stinson, the Supreme Court of Ohio distinguished between attacking an opponent's expert on cross-examination and offering an alternative explanation by way of one's own expert:
 Once a prima facie case has been demonstrated, the adverse party may attempt to negate its effect in various ways. He may cross-examine the expert of the other party. He may adduce testimony from another expert which contradicts the testimony of the expert for his adversary. Further, he may adduce expert testimony which sets forth an alternative explanation for the circumstances at issue. If this last approach is pursued, the evidence directed to the alternate explanation is governed by the same standard of admissibility applicable to the evidence adduced by his adversary.
Id. at 455-456. Therefore, an expert need only speak in terms of probability when a defendant has called the expert to testify upon direct examination about the likelihood of an alternative explanation for the circumstances at issue. See id. at 457.
In the instant case, Troxel did not call Dr. Koenig to testify upon direct examination and was not seeking to adduce testimony about an alternative cause for Veal's injuries. Instead, Troxel was merely challenging the evidentiary basis for Dr. Koenig's conclusion by way of cross-examination. Such testimony need not be stated in terms of probability in order to be admissible. Assignment of error number two is not well taken.
 III.
Veal's first assignment of error challenges the trial court's denial of her motion for a new trial:
 THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO GRANT PLAINTIFF A NEW TRIAL.
Veal requested that the trial court grant her a new trial based on Civ.R. 59(A)(4), (6), (7), and (9), which state:
 (A) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:
* * *
 (4) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice;
* * *
 (6) The judgment is not sustained by the weight of the evidence; however, only one new trial may be granted on the weight of the evidence in the same case;
(7) The judgment is contrary to law;
* * *
 (9) Error of law occurring at the trial and brought to the attention of the trial court by the party making the application.
However, Veal merely listed these factors without setting forth any argument or rationale as to how they applied to her case. On appeal, Veal again fails to set forth any argument or rationale as to how these factors justify a new trial in the instant case. Veal's appellate brief merely lists some facts that she claims are uncontroverted, cites one prior case from this Court addressing the adequacy of a jury award of zero damages, and asserts that it is clear that a new trial should have been granted. Although it is difficult to find any argument in Veal's discussion of this assignment of error, in the interest of justice this Court will interpret this assignment of error as a challenge to the weight of the evidence supporting the adequacy of the damages award pursuant to Civ.R. 59(A)(4) and (6).
As previously noted by this Court, it is within the trial court's sound discretion whether to grant a motion for a new trial based on either Civ.R. 59(A)(4) or (6). Pena v. NortheastOhio Emergency Affiliates (1995), 108 Ohio App.3d 96, 103. "An abuse of discretion will be found when the court's attitude was unreasonable, arbitrary, or unconscionable." Id.
This Court recently described the appellate standards for reviewing claims predicated on Civ.R. 59(A)(4) and (6):
 A judgment is against the manifest weight of the evidence if it is "so manifestly contrary to the natural and reasonable inferences to be drawn from the evidence as to produce a result in complete violation of substantial justice * * *."
McKee v. Johnson (Sept. 16, 1998), Wayne App. No. 97CA0064, unreported, quoting Hardiman v. Zep Mfg. Co. (1984), 14 Ohio App.3d 222,226.
 In order to be entitled to a new trial on the basis of inadequate damages, the movant must demonstrate that the verdict was a result of jury passion and prejudice and that it was "so disproportionate in amount as to shock reasonable sensibilities."
Id., quoting Pena, supra, at 104.
In McKee, this Court addressed a similar claim that an award of zero damages was against the weight of the evidence and distinguished the Pena decision, wherein this Court reversed a damage award of $1 in a wrongful death suit. The McKee court compared its facts to the facts of the Pena decision and noted:
 In Pena, the right to recover some damages had been clearly established. A young mother and her unborn child were dead. Common sense and the law dictate that their lives had more than nominal value to their survivors. The only explanation for the award of such nominal damages was passion or prejudice. In the case at bar, McKee's damages for personal injuries were not proven to the satisfaction of the jury.
The McKee court then described a prior similar injury suffered by the plaintiff and affirmed the award of zero damages, concluding that "it appears that McKee suffered from a variety of ailments and the jury apparently found insufficient evidence to connect McKee's present complaints to the automobile collision."
In the instant case, the causal connection between the injuries and the accident is even more tenuous then it was inMcKee. As previously noted, Veal's expert witness, Dr. Koenig, admitted that the lack of damage to the automobiles undermined her conclusion. Also, Veal had an extensive history of previous injuries to her neck and lower back resulting from automobile accidents. In 1986, 1987, and 1989, Veal was in an automobile that was struck from behind. As a result of all three accidents, Veal suffered minor injuries to her lower back and neck. The injuries from all three accidents resolved themselves within a couple of weeks. In 1990, Veal was again in an automobile that was struck from behind. As a result of this accident, Veal suffered injuries to the middle of her back and was in treatment for one or two weeks. In 1995, Veal's automobile struck a deer and she suffered neck and shoulder injuries that resolved themselves within three to four weeks.[2] Based on this evidence alone, a jury could reasonably infer that Veal's current injuries were actually the result of her previous five accidents and not the result of the barely perceptible impact in the instant case.
Additionally, Troxel attacked Veal's credibility. Veal initially testified that Troxel's automobile was travelling at ten to fifteen miles per hour at the time of impact. However, on cross-examination, when confronted with a police report regarding the accident with Troxel, Veal admitted that she had told the police that Troxel's automobile was only travelling from five to ten miles per hour. Veal also stated in an interrogatory during discovery that she had no previous involvement in any civil or criminal lawsuits. However, at trial, Veal admitted to filing two lawsuits based on the previous automobile accidents and to a prior conviction for theft.
In conclusion, despite the expert testimony provided by Veal, the jury verdict herein is not so manifestly contrary to the natural and reasonable inferences to be drawn from the evidence as to result in a miscarriage of justice. The verdict was clearly not the result of jury passion or prejudice, but was instead based solely on the evidence. As such, this Court cannot say that the trial court acted unreasonably, arbitrarily, or unconscionably by denying Veal's motion for a new trial.
Judgment affirmed.
 KK The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
___________________________
DONNA J. CARR FOR THE COURT
SLABY, P. J.
BATCHELDER, J.
CONCUR
[1] Dr. Koenig testified by way of a deposition that was read into the record.
[2] Veal continued to have difficulty with automobiles following the accident with Troxel. Just nine months after the accident that is at issue herein, Veal's automobile was again struck from behind and she suffered some mild discomfort in her neck and back. Then, in 1997, Veal's automobile was struck from the side by a truck that had run a stop sign and she fractured her sternum.